## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**DERRIC HANEY**,                                    Case No.:

      Plaintiff,

      v.

**DADE PAPER & BAG, LLC.,**

      Defendant.

_____/

## COMPLAINT FOR DAMAGES AND JURY DEMAND

      Plaintiff, Derric Haney (hereinafter referred to as "Plaintiff" or "MR. HANEY"), by and through undersigned counsel, sues Defendant, Dade Paper & Bag, LLC., (hereinafter "Defendant" and/or "DADE PAPER"), and alleges as follows:

### NATURE OF ACTION

1.  This action is brought under 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. (Title VII); and the Florida Civil Rights Act §760.01, et seq., Florida Statutes (FCRA); to redress unlawful employment practices toward Plaintiff, including but not limited to discrimination.

### JURISDICTION AND VENUE

2.  This court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. (Title VII).

3. The Southern District of Florida, Miami Division is proper under 28 U.S.C. § 1391 (b)(1) because Defendant is a resident of, has agents, and/ or transacts their affairs in this district.

4. Venue is proper because under 28 U.S.C. § 1391 (b)(2) because all or a substantial part of the events giving rise to this cause occurred in this district.

## PARTIES

5. Plaintiff is an individual man who resides in Miami Dade County, Florida.

6. At all times relevant to this action, Plaintiff was an employee of Defendant.

7. Defendant is a corporation duly existing by the virtues and laws of the State of Florida that does business in the State of Florida.

## STATEMENT OF FACTS

8. Plaintiff brings forth this action in Federal Court pursuant to Title VII, § 1981 and FCRA.

9. At all material times MR. HANEY was and is a man of a mixed racial background. MR. HANEY is a light skinned black man and has fine, curly hair.

10. At all Material times MR. HANEY did and does identify himself as African American.

11. In or about February 2018 MR. HANEY was placed at DADE PAPER through an employment agency. He was employed as a forklift operator on the floor of DADE PAPER's warehouse.

12. At all material times MR. HANEY'S supervisor on the warehouse floor was a woman of Jamaican descent.

13. MR. HANEY also worked with other employees of DADE PAPER on the warehouse floor. The warehouse floor was an open floor plan and constantly had traffic from other employees. At all material times the supervisor was on the warehouse floor.

14. Almost immediately after beginning his employment with Defendants, MR. HANEY began to be questioned by his coworkers about his race and national origin.

15. From the tone and content of these "inquiries" it was clear to MR. HANEY that these were not the product of mere curiosity but instead were intended to offend.

16. By way of example, one of his coworkers asked him "WHERE ARE YOU FROM?" When he answered that he was from out of state, his coworkers pressured him to provide his racial background and national origin. When MR. HANEY responded that he was of Native American and African American ancestry, he was met with hostility and challenged as to his African American background.

17. MR. HANEY's supervisor was aware of these derogatory comments about MR. HANEY's appearance as it related to his race and national origins; her silence at this disgraceful discriminatory treatment of MR. HANEY opened the proverbial floodgates.

18. From that moment on, MR. HANEY's coworkers on the warehouse floor were empowered to make derogatory and discriminatory remarks about MR. HANEY's physical characteristics as they related to his race and national origins.

19. In fact, MR. HANEY's supervisor participated in making such discriminatory remarks as well as allowing other workers to engage in this behavior.

20. By way of example, one of MR. HANEY's coworkers made statements to him such as:

    "YOU DO NOT KNOW WHAT YOU ARE"

    "WHAT MAKES YOU THINK YOU ARE BLACK?"

    "YOU'RE NOT BLACK JUST BECAUSE YOUR DAD IS BLACK."

    "WHAT DID YOUR FATHER LOOK LIKE?"

    "SO YOUR DAD IS BLACK… OH YEAH, FROM WHERE?"

"BLACK PEOPLE HAVE A CERTAIN SMELL."

"I DON'T KNOW ANY BLACK PEOPLE WHO WORK LIKE THAT."

"ARE YOU MEXICAN?"

"I'VE NEVER SEEN A LIGHT SKINNED BLACK GUY."

"I'VE NEVER SEEN A BLACK GUY WITH SKIN THAT LIGHT."

21. The above list is not exhaustive but rather sets forth examples of the discriminatory and derogatory remarks MR. HANEY endured during his tenure with Defendant.

22. MR. HANEY was further harassed about his national origin. By way of example, MR. HANEY's supervisor and another employee repeatedly made intrusive and derogatory remarks questioning MR. HANEY about his ancestry.

23. MR. HANEY was asked, "ARE YOU MEXICAN?"; "IF YOUR DAD IS BLACK WHERE IS HE FROM?"

24. MR. HANEY also suffered ridicule and degradation for not exhibiting "typical black hair" and being "light-skinned." His ancestry and his race were repeatedly and continuously called into question by his supervisors and his coworkers, making MR. HANEY feel ridiculed and causing him a great deal of anxiety and extreme emotional distress.

25. MR. HANEY continued to suffer harassment in regards to his race and national origin into the spring of 2018. During this time, one of Defendant's employees demanded to know if MR. HANEY was "SPANISH." When MR. HANEY replied that he was not, this employee condescendingly responded, WELL, YOU JUST DON'T KNOW."

26. In essence, MR. HANEY's supervisor and his fellow employees engaged in a campaign to question MR. HANEY's identity as an African American man, an identity fundamental to his sense of self. The constant barrage of comments and questions about his race and

national origins as well as the disparaging remarks about his "atypical" appearance made him not only anxious but also depressed.

27. At all material times, MR. HANEY objected to the constant harassing and unlawful comments but despite his objections, his supervisor and coworkers persisted in engaging in the discriminatory behavior.

28. By way of example, MR. HANEY would tell his harassers that he had no desire to discuss his race and national origin at work, and that he was in fact telling the truth when he identified himself as an African American man.

29. Moreover, since MR. Haney was working on the floor of a warehouse under the supervision of the floor manager, his immediate supervisor was well aware of the hostile and derogatory comments directed at MR. HANEY and in fact participated in such behavior herself.

30. In or around February 2018, a fellow forklift operator MR. HANEY knew only as "MARCELO" or "BIG MARCEL" warned MR. HANEY that his supervisors were discussing his race amongst themselves.

31. In response to this warning, MR. HANEY met with "JOSE," another supervisor at DADE PAPER, in his office to discuss his discomfort and distress about how his race and national origin were questioned in his work place and once again inform "JOSE" that he is in fact African American and identifies as such.

32. In response to MR. HANEY's complaint, "JOSE" told MR. HANEY, "I DON'T THINK YOUR ARE FUCKING BLACK," and "YOU ARE LYING!"

33. PLAINTIFF MR. HANEY claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

34. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, PLAINTIFF MR. HANEY demands Punitive Damages against the Defendant.

35. PLAINTIFF MR. HANEY alleges actual discharge to the extent PLAINTIFF MR. HANEY is terminated from PLAINTIFF's position as a result of unlawful discrimination and retaliation.

36. Based on the circumstances described herein, Defendant unlawfully discriminated against PLAINTIFF MR. HANEY based on his Race, Color and National Origin. Defendant not only failed to provide a reasonable accommodation after PLAINTIFF MR. HANEY made several complaints about the ongoing harassment, but further retaliated against him.

37. PLAINTIFF MR. HANEY claims that Defendant unlawfully discriminated against and terminated PLAINTIFF MR. HANEY because of his race and color.

38. As a result of Defendant's actions, PLAINTIFF MR. HANEY felt humiliated, degraded, victimized, embarrassed and emotionally distressed.

39. As a result of Defendant's unlawful and discriminatory actions, Plaintiff has endured financial hardships and irreparable damage to Plaintiff's professional reputation.

40. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has also suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

41. As Defendant's actions were malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendant.

42. Plaintiff further claims aggravation, activation and exacerbation of a preexisting condition.

43. The above are just some examples of unlawful discrimination and retaliation to which the Defendant subjected Plaintiff.

### AS A FIRST CAUSE OF ACTION

### RACIAL DISCRIMINATION AND HARASSMENT § 1981

44. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 43 above.

45. This is an action for discrimination and harassment because of race under Section 1981.

46. Plaintiff is an African American male.

47. At all times relevant, Defendant treated MR. HANEY differently because he is an African American male.

48. Defendant allowed MR. HANEY's coworkers to question and ridicule MR. HANEY regarding his national origin and fundamental identity as an African American male.

49. MR. HANEY's supervisors even engaged in the discrimination against MR. HANEY pertaining to his national origin.

50. When MR. HANEY sought relief by speaking to supervisors, not only did were the supervisors of no assistance to MR. HANEY, but they also ridiculed MR. HANEY due to his race and national origin.

51. Both MR. HANEY's coworkers and supervisors regularly made discriminatory comments about PLAINTIFF MR. HANEY's race while MR. HANEY was employed by Defendant.

52. Defendant and Defendant's leadership team subjected PLAINTIFF MR. HANEY to a hostile work environment because of his race and his opposition to the discriminatory comments and conduct.

53. Defendant constantly enforced a purposefully discriminatory pattern and practice of depriving African American individuals of the equal rights described therein, in further violation of 42 U.S.C. §1981.

54. As a result of Defendant's discrimination in violation of Section 1981, Plaintiff has been denied the enjoyment of all benefits, privileges, terms, and conditions of Plaintiff's contractual relationship which provided substantial compensation and benefits, thereby entitling him to injunctive and equitable monetary relief; and having suffered such anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendant's actions, thereby entitling Plaintiff to compensatory damages.

55. As alleged above, Defendant acted with malice or reckless indifference to the rights of the Plaintiff and copious other individuals named herein, thereby entitling Plaintiff to an award of punitive damages.

56. Defendants violated the above and Plaintiff suffered numerous damages as a result.

57. Plaintiff makes a claim against Defendant under all of the applicable paragraphs of 42 U.S. Code § 1981.

58. Plaintiff claims Defendant both unlawfully discriminated against Plaintiff and unlawfully retaliated against Plaintiff in violated of 42 USC 1981.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of 42 U.S.C. § 1981; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A SECOND CAUSE OF ACTION

## HOSTILE WORK ENVIRONMENT UNDER § 1981

59. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 58 above.

60. Here, Defendant's conduct occurred because of Plaintiff's legally protected characteristic; and (2) was severe or pervasive enough to make a reasonable person of the same legally protected class believe that the conditions of employment were altered, and that the working environment was intimidating, hostile or abusive.

61. The harassing conduct was directly connected to MR. HANEY's race and his opposition of the discriminatory conduct he endured.

62. Defendant delegated at least two employees supervisory authority to control MR. HANEY's work environment. Defendant abused that authority by creating a hostile work environment. A reasonable person subjected to MR. HANEY'S working environment would believe Defendant's conduct was severe or pervasive enough to have altered the

terms and conditions of employment and render the working environment intimidating, hostile or abusive.

63. By way of example, Defendant's employees, including those with supervisory authority, made discriminatory comments about MR. HANEY on account of his race.

64. Defendant's discriminatory conduct was not welcomed by MR. HANEY.

65. MR. HANEY advised Defendant that the repeated discriminatory and unlawful conduct was not welcomed; however, that behavior was permitted to continue and did continue until the cessation of MR. HANEY's employment.

66. As a result of the hostile work environment, Plaintiff suffered a "tangible employment action" defined as a significant change in employment status, failure to promote, reassignment with significantly different responsibilities, and/or a decision causing a significant change in benefits.

67. Defendant failed to exercise reasonable care to prevent racial harassment in the workplace by failing to establish an explicit policy against harassment in the workplace on the basis of race, failing to fully communicate the policy to its employees, and/ or failing to provide a reasonable way for Plaintiffs to make a claim of harassment to higher management, and failing to take reasonable steps to promptly correct the harassing behavior raised by Plaintiff.

68. As a result of Defendant's violations of § 1981, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business reputation; loss of self-esteem; disruption to his family life; and other harm, pain and suffering, both tangible and intangible.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of 42 U.S.C. § 1981; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided; and

d. Award Plaintiff all compensatory damages provided; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A THIRD CAUSE OF ACTION

## RETALIATION UNDER § 1981

69. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 68 above.

70. MR. HANEY complained about the discriminatory treatment he received based on his race.

71. Subsequent to MR. HANEY's objections to the discriminatory treatment, MR. HANEY was terminated.

72. Defendant terminated MR. HANEY's employment as a result of his complaint of racial discrimination.

73. The retaliatory actions taken against MR. HANEY world deter a reasonable person from making or maintaining a complaint of discrimination and/or harassment against Defendant.

74. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

WHEREFORE, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of 42 U.S.C. § 1981; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided; and

d. Award Plaintiff all compensatory damages provided; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A FOURTH CAUSE OF ACTION

## RACIAL DISCRIMINATION AND HARASSMENT UNDER

## TITLE VII

75. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 74 above.

76. Title VII states in relevant part as follows:

(a) Employer practices: It shall be an unlawful employment practice for an employer:

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

77. MR. HANEY's race was a motivating factor in the Defendant's treatment of MR. HANEY, including but not limited to multiple discriminatory comments and a failure to address MR. HANEY's objections to the unlawful, unfair and disparate treatment.

78. Defendant treated MR. HANEY less favorably than similarly situated employees outside Plaintiff's protected class.

79. Defendant's leadership team intentionally subjected MR. HANEY to a hostile work environment on account of MR. HANEY's race.

80. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by harassing and otherwise discriminating against Plaintiff as set forth herein.

81. Defendant violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A FIFTH CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT UNDER TITLE VII

82. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 81 above.

83. The Civil Rights Act of 1964 prohibits inappropriate conduct in the workplace which leaves any person feeling harassed or discriminated against, due to his or her gender, age, religion, national origin or race.

84. Here, Defendant's conduct occurred because of Plaintiff's legally protected characteristic; and (2) was severe or pervasive enough to make a reasonable person of the same legally protected class believe that the conditions of employment were altered, and that the working environment was intimidating, hostile or abusive.

85. The harassing conduct was directly connected to MR. HANEY's race.

86. Defendant's leadership made numerous comments related to MR. HANEY's national origin and race.

87. Defendant's leadership also allowed MR. HANEY's coworkers to make multiple comments related to MR. HANEY's national origin and race.

88. When MR. HANEY voiced his objections to this discriminatory treatment, not only did Defendant fail to address his concerns, but they also continued the pattern of discrimination

by making further discriminatory comments. By way of example, when MR. HANEY spoke with Jose, who had supervisory authority over MR. HANEY while MR. HANEY was employed by Defendant, Jose replied ""I DON'T THINK YOUR ARE FUCKING BLACK" and "YOU ARE LYING!".

89. Defendant's leadership spoke to MR. HANEY in a hostile manner due to MR. HANEY's race and his complaints of racial discrimination.

90. MR. HANEY did not welcome Defendant's discriminatory conduct or comments.

91. Defendant delegated specified employees the supervisory authority to control MR. HANEY's work environment. Defendant abused that authority by creating a hostile work environment. A reasonable person subjected to MR. HANEY's working environment would believe Defendant's conduct was severe or pervasive enough to have altered the terms and conditions of employment and render the working environment intimidating, hostile or abusive.

92. As a result of Defendant's violations of The Civil Right Act of 1964, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business reputation; loss of self-esteem; disruption to his family life; and other harm, pain and suffering, both tangible and intangible.

      **WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

      a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

      b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided; and

d. Award Plaintiff all compensatory damages provided; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A SIXTH CAUSE OF ACTION

## RETALIATION UNDER TITLE VII

93. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 92 above.

94. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

95. MR. HANEY complained to Defendant about the discriminatory treatment he received.

96. Shortly after MR. HANEY's complaints, Defendant terminated MR. HANEY's employment.

97. MR. HANEY engaged in protected activity such as complaining about discrimination based on his race.

98. Shortly after MR. HANEY's complaints of discrimination, Defendant terminated MR. HANEY's employment.

99. The retaliatory actions taken against MR. HANEY world deter a reasonable person from making or maintaining a complaint of discrimination and/or harassment against Defendant.

100.    Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided; and

d. Award Plaintiff all compensatory damages provided-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A SEVENTH CAUSE OF ACTION

## FCRA (RACE DISCRIMINATION)

101.    Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 100 above.

102.    This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of Plaintiff for violations of his state rights under the Florida Civil Rights Act ("FCRA"), to include the remedies in §760.01, et seq., Florida Statutes.

103.    MR. HANEY is an African American male and is therefore a member of protected classes within the meaning of the applicable law.

104.    At all relevant times, MR. HANEY was an employee under the FCRA.

105.    MR. HANEY is and was protected against discrimination under the FCRA.

106.    At all relevant times, MR. HANEY was qualified to do his job and other jobs at Defendant.

107.    At all relevant times, Defendant and Defendant's employees treated MR. HANEY differently because he is an African American.

108.    At all relevant times, Defendant allowed its leadership team to create a hostile work environment for MR. HANEY.

109.    Defendant's discrimination against MR. HANEY was willful or with reckless indifference to his protected rights.

110.    MR. HANEY has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

WHEREFORE, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the FCRA; and

b. Issue an order prohibiting further retaliation; and

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided by Fla. Stat. § 760.01, et seq.; and

d. Award Plaintiff all compensatory damages provided for by Fla. Stat. § 760.01, et seq.; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS AN EIGTH CAUSE OF ACTION

## RETALIATION UNDER FCRA

111.    Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 110 above.

112.    Defendant took adverse employment actions against MR. HANEY because he complained about the racial discrimination and harassment; i.e., because he engaged in activities protected by the FCRA.

113.    Defendant discriminated against MR. HANEY because of his race and/or national origin.

114.    MR. HANEY complained to supervisors about the discriminatory conduct he endured during his employment.

115.     Defendant's leadership team and Defendant's employees created a hostile work environment for MR. HANEY.

116.     Defendant terminated MR. HANEY after his complaint of discrimination and harassment.

117.     These retaliatory actions against MR. HANEY would deter a reasonable person from making or maintaining a complaint of discrimination or harassment against Defendant.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully retaliated against Plaintiff in violation of the FCRA; and

b. Issue an order prohibiting further retaliation; and

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided by Fla. Stat. § 760.01, et seq.; and

d. Award Plaintiff all compensatory damages provided for by Fla. Stat. § 760.01, et seq.; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress, back

pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury for the claims set forth in the complaint.

Respectfully Submitted,

December 30, 2019                                    /s/ Katheline Cortes

Katheline Cortes
Fla. Bar No. 649678
Derek T. Smith Law Group. PLLC
701 Brickell Ave., Suite 1310
Miami, FL 33131
Tel: (305) 946-1884
katheline@dereksmithlaw.com